PANISH SHEA & BOYLE LLP
BRIAN J. PANISH, State Bar No. 116060
panish@psblaw.com
PETER KAUFMAN, State Bar No. 269297
pkaufman@psblaw.com
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for PLAINTIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THOMAS CHAYRA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Case No. CV11-09838 JHN (MRWx)<br><br>COMPLAINT |

COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff THOMAS CHAYRA, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based, in part, on the investigation of counsel, as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and on behalf of all others

similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 et seq., which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 et seq., commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2. The. EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3. The Congressional findings and declaration of purpose regarding the EFTA provides:

(a) Rights and liabilities undefined

The Congress finds that the use of electronic systems to
transfer funds provides the potential for substantial
benefits to consumers. However, due to unique
characteristics of such systems, the application of existing
consumer protection legislation is unclear, leaving the
rights and liabilities of consumers, financial institutions
and intermediaries in electronic fund transfers undefined.

(b) Purposes

> It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

4. The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge. 15 U.S.C. § 1693b(d)(3).

5. This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA. Plaintiff seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made available by statute, 15 U.S.C. § 1693m. Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II. PARTIES

7. Plaintiff is a natural person who resides in Los Angeles County, California and used a certain ATM owned and operated by 7-ELEVEN, INC. and located at 18514 Plummer, Northridge, CA 91324, within one year of the filing of

this Complaint, and was charged an ATM surcharge fee at the ATM alleged in this Complaint.

8. Defendant 7-Eleven, Inc., is an incidental sales convenience store authorized and doing business in California. Defendant 7-Elevan may be served through its manager, Donna Dunn at 18514 Plummer, Northridge, CA 91324.

### III. JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### IV. BACKGROUND

A. <u>Electronic Funds Transfer Act</u>

11. "Electronic funds transfer" is defined □as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes ... automated teller machine transactions ...." 15 U.S.C. § 1693a(6); see also 12 C.F.R. § 205.3(b).

12. Defendant is an "automated teller machine operator" as that term is

defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance .inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

13. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205 16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

> General.   An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1)   Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2)   Disclose the amount of the fee.

14. 15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to the provided to consumers. 12 C.F.R. § 205.16(c) states:

> (c)   Notice requirement. To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

    (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

    (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

15. Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

16. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a

notice is required unless the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless -
>
> > (i) the consumer receives such notice in accordance with subparagraph (B); and
> >
> > (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R § 205.16(e) provides that:

> (e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> > (1) The consumer is provided the notices required under paragraph (c) of this section, and
> >
> > (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

17. In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, inter alia, explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct. Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee.

71 C.F.R. 1638, 1656 (emphasis added).

18. Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

19. The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. See Burns v. First American Bank, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages

under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction. Burns, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

20.     The notice referenced in 15 U.S.C. §1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

**B.   Defendant's Conduct**

21.     Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 et seq. and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

22.     Defendant owns and operates the ATMs identified in ¶ 7 (7-Eleven ATM).

23.     The 7-Eleven ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

24.     The 7-Eleven ATM imposes a fee on consumers who withdraw cash from the 7-Eleven ATMs.

25.     Defendant failed to post on or at the 7-Eleven ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the 7-Eleven ATM.

26. Defendant's failure to post the required notice on or at the 7-Eleven ATM has resulted in frequent and persistent non-compliance with the EFTA. Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

27. Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notices at the 7-Eleven ATM and improperly imposing ATM fees.

28. Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

C. **Plaintiff's Electronic Funds Transfers With Defendant**

29. Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

30. On October 12, 2011, Plaintiff used the 7-Eleven ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

31. The 7-Eleven ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the 7-Eleven ATM will or may result in an ATM surcharge.

32. Plaintiff was in fact assessed a $2.95 ATM surcharge fee for withdrawing cash from the 7-Eleven ATM.

# V. CLASS ALLEGATIONS

33. Plaintiff brings this class action on behalf of himself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34. Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumer's (b) who initiated an electronic funds transfer at the 7-Eleven ATM described in ¶7 and (c) were assessed a fee for withdrawing cash from the 7-Eleven ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice. (the "Class").

35. Congress expressly intended "that the EFTA would be enforced, in part, through private class actions." 15 U.S.C. § 1693m(a).

36. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

37. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records. Defendant has exclusive control of this information.

38. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this

Court.

39. Defendant can generate data for its ATMs identifying each transaction in which a fee was charged. The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer. The PAN includes a bank identification number ("BIN"). This information can be used to identify class members.

40. The Class is sufficiently numerous to make bringing all parties before the Court impractical.

41. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and Class members seek recovery of statutory, not actual, damages.

42. Plaintiff and members of the Class were each users of the 7-Eleven ATM since the date one year prior to the filing of this action.

43. Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

44. Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the 7-Eleven ATM.

45. The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a) Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;

(b) Whether Defendant is the operator of the 7-Eleven ATM;

(c) Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d) Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

46. Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class. Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

47. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

48. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically

infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

49. Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI. CLAIMS

A.  **Count 1: Violation of 15 U.S.C. § 1693 et seq. and 12 C.F.R. 205 et seq.**

50. Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

51. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

52. Defendant failed to provide notices to the Plaintiff and the Class as

required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

53. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

54. Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

55. As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

56. As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

57. Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

  A. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.  An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C § 1693m;

C.  Payment of costs of suit herein incurred pursuant to 15 U.S.C § 1693m(a)(3);

D.  Payment of reasonable attorney's fees pursuant to 15 U.S.C § 1693m(a)(3);

E.  A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

F.  For other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: November 22, 2011

Respectfully submitted,

PANISH SHEA & BOYLE LLP

By: _____
PETER L. KAUFMAN
Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THOMAS CHAYRA, Individually and on behalf of all others Similarly Situated,

**DEFENDANTS**
7-ELEVEN, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Brian Panish, SBN 116060
Peter Kaufman, SBN 269297
PANISH SHEA & BOYLE, LLP
11111 Santa Monica Blvd, Suite 700
Los Angeles, CA  90025
Tel:  310.477.1700; Fax: 310.477.1699

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff, individually and on behalf of all others similarly situated, alleges violations of 15 U.S.C. §1693 et seq., (Electronic Fund Transfer Act ("EFTA")) and 12 C.F.R. § 205 et seq., (Regulation E). This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice, as required by the EFTA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☒ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land |  |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: **CV11-09838**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                            CIVIL COVER SHEET                                            Page 1 of 2
                                                                                                                     CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | TEXAS |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date NOVEMBER 21, 2011
PETER KAUFMAN

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CHAYRA, Individually and on behalf of all others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>7-ELEVEN, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-09838 JHN (MRWx)<br><br>SUMMONS |

TO: DEFENDANT(S): 7-ELEVEN, INC.

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney,  PETER KAUFMAN , whose address is  Panish Shea & Boyle, 11111 Santa Monica Blvd, Ste 700, LACA 90025 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

NOV 29 2011

Clerk, U.S. District Court

JULIE PRADO   SEAL

Dated: _____   By: _____
                                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)   SUMMONS   CCD-1A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

**CV11- 9838 JHN (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY